```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re: EPHEDRA PRODUCTS LIABILITY    :    04 MD 1598 (JSR)
LITIGATION.                          :
                                     :
------------------------------------ x
EIKO WINTERS, et al.,                :
                                     :
            Plaintiffs,              :
                                     :
            -v-                      :    04 Civ. 0090 (JSR)
                                     :
GENERAL NUTRITION CORPORATION, et    :
al.,                                 :
                                     :
            Defendants.              :
------------------------------------ x
AARON GANIR, et al.,                 :
                                     :
            Plaintiffs,              :
                                     :
            -v-                      :    04 Civ. 1961 (JSR)
                                     :
FM, INC., et al.,                    :
                                     :
            Defendants.              :    OPINION AND ORDER
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

     On June 2, 2005, counsel for the parties in the above-captioned individual cases appeared before the Court to seek approval of a proposed settlement of these cases, including attorneys fees. After hearing from counsel and approving the general terms of the settlement, the Court excused defense counsel and held a sealed proceeding regarding the request of plaintiffs' counsel, Christopher E. Grell, Esq., for attorneys fees equal to 40 percent of the gross recovery. (**For the reasons that follow, the Clerk of the Court is hereby directed to unseal the transcript of that proceeding.**)

     Pursuant to California law, Mr. Grell and his firm had entered into retainer agreements with the plaintiffs in these cases

that provided that counsel would be entitled to fees of one-third of the gross recovery, except that "in the event the matter goes to Trial-Setting Conference or beyond, said attorneys shall be entitled to a fee of 40 percent of the gross recovery."  In answer to the Court's inquiry as to whether this condition had been satisfied, Mr. Grell stated: "In California they have a trial-setting conference where we have a trial date.  In both of these cases, we did have trial dates, whether or not they were given trial dates as part of a trial-setting conference."  (Transcript, 6/2/05, at 5-6).  The Court then noted that its own practice was to set a trial date early in a case (suggesting that the Court doubted that a reasonable client would equate "Trial-Setting Conference" with such an early act), but Mr. Grell assured the Court that in California "[w]e don't have that."  Id. at 10.

>The following colloquy then occurred:
>
>MR. GRELL: I think if you went to the San Francisco Local Rules or Almeda rules you would find a specific [hearing] that is called a trial-setting conference.
>
>THE COURT: Was that hearing held in this case [Ganir]?
>
>MR. GRELL: **Yes.  And a trial date was assigned and then this case got removed to the federal bankruptcy.**
>
>THE COURT: What about in the other case?
>
>MR. GRELL: **The same similar circumstance, your Honor.**

Id. at 11-12 (emphasis supplied).

Notwithstanding these unequivocal representations by Mr. Grell, the Court inquired further, asking whether there was an

2

available transcript of the California "Trial-Setting Conferences" in these two cases, to which Mr. Grell responded that "[t]here is usually not a transcript," but that the trial-setting conference was a real event nonetheless, coming only after the case was actually ready to go to trial. Id. at 14-15. In reliance on these representations, the Court then ruled that if Mr. Grell submitted a sworn affidavit stating that "there occurred a trial-setting conference on such and such a date for each of [these cases]," then, "[a]ssuming the adequacy of the affidavit, I will then approve the 40 percent." Id. at 15.

On June 29, 2005, Mr. Grell submitted his affidavit. In it, he now admitted that his representations to the Court that trial-setting conferences had been held in California on these cases was inaccurate. He nonetheless contended that, because this Court had itself set a tentative trial date when it early set a schedule for discovery and motion practice in these cases, that should be deemed the "Trial-Setting Conference" sufficient to trigger the 40 percent recovery.

This is balderdash. First, counsel flatly misrepresented to the Court that trial-setting conferences in these cases had occurred in California when in fact they had not occurred. This alone would warrant rejecting his application, or worse. Second, the Court had specifically indicated to counsel at the time of the hearing that its practice of setting a tentative trial date early in the process of arriving at a case management plan was a good example of what would

not reasonably qualify as a "Trial-Setting Conference," and counsel had effectively agreed. It is far too late in the day for counsel to backtrack.

Accordingly, while the overall settlement agreements are approved, plaintiffs' counsel is entitled to recover only one-third of the gross proceeds in attorneys fees and must therefore remit the remainder (minus any actual and reasonable expenses) to the clients. Given the aforementioned circumstances, plaintiffs' counsel is hereby also ordered to deliver a copy of this Opinion and Order to each of the clients in these cases.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
October 2, 2005